IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT D. DILKS, JR. AND HIS WIFE, KATYE O'DELL | § § § § § § § § § § § § § § § | |
| Plaintiffs | | |
| versus | | CIVIL ACTION NO. _____ |
| PROGRESSIVE FLOOD INSURANCE PROCESSING, AMERICAN STRATEGIC INSURANCE CORP., AND STEPHEN M. BIEHLE AND HIS WIFE CHERYL BIEHLE | | |
| Defendants | | |

## PLAINTIFFS ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:

COME NOW, Plaintiffs, Robert D. Dilks, Jr, and his wife, Katye O'Dell (hereinafter collectively "Dilks") and file their Original Complaint complaining of Defendants, Progressive Flood Insurance Processing ("Progressive"), American Strategic Insurance Corp. ("ASI"), and Stephen M. Biehle and his wife, Cheryl Biehle for cause of action show the following:

### A. PARTIES

1.  Plaintiffs Robert D. Dilks and his wife, Katye O'Dell reside at 485 Oakland Dr. Vidor, Orange County, Texas 77662.

2.  Defendant, Progressive Flood Insurance Processing provides flood insurance under the National Flood Insurance Program and is part of Progressive Casualty Insurance Company. Progressive can be served with process by serving its Registered Agent, CT Corporation at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. American Strategic Insurance Corp. is a Florida corporation located at 1 ASI Way, St. Petersburg, Florida 33702 which sold a Progressive Flood insurance policy to Plaintiffs. They may be served with process by serving its Registered Agent Corporate Creations Network, Inc., 801 US Highway 1, North Palm Beach, Florida 33408

4. Defendants, Stephen M. Biehle and his wife Cheryl Biehle, previously owned the Residence at 485 Oakland, Vidor, Orange County, Texas 77662 during August 2017. As set forth below, Defendant Biehle received flood insurance proceeds after Tropical Storm Harvey but failed to use the flood insurance proceeds to make the necessary repairs of the two HVAC units and the windows which were damaged by the floodwaters from Harvey. Defendants Biehle can be served at 10132 Lake Shore Drive, Montgomery, Texas 77316.

## B. JURISDICTION

5. This case concerns the denial of flood insurance benefits to Dilks by Progressive following the flooding of their Residence on September 19, 2019 as a direct result of Tropical Storm Imelda. The National Flood Insurance Act 42 USC section 4001 et seq. and the regulations promulgated by FEMA "for the general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage". A policyholder can file, within one year after a flood event, in the United States District Court a lawsuit for flood insurance proceeds.

## C. VENUE

6. Venue is proper in this court because the flood insurance policy at issue was issued to Dilks by Progressive and ASI within the Eastern District of Texas, specifically the Beaumont Division. Dilks' property that suffered flood damage as a result of Tropical Storm Imelda is located in the Eastern District of Texas, Beaumont Division. Finally, Biehle's failure to use the flood insurance proceeds to repair the property at issue occurred in the Eastern District of Texas, Beaumont Division.

### D. CONDITIONS PRECEDENT

7. All conditions precedents have been performed by Dilks or have occurred as required by his flood insurance policy. As set forth below, immediately after the flooding of his property on September 19, 2019 Dilks notified his insurance agent of the flooding event. An adjuster came to his property within three days. A Proof of Loss was timely completed by Dilks on December 27, 2019. Dilks' counsel submitted a notice letter to Progressive dated February 4, 2020. This lawsuit is filed within one year of the September 19, 2019 flood of the Dilks' property.

### E. FACTUAL BACKGROUND

8. The property at issue is a single-family Residence at 485 Oakland, Vidor, Orange County, Texas (hereinafter referred to as the "Residence"). By General Warranty Deed recorded at Vol. 848 Page 735 and dated December 18, 1992, Defendants Stephen M. Biehle and his wife, Cheryl Biehle, acquired the Residence. Attached hereto as *Exhibit 1*, is a true and correct copy of this Warranty Deed. After that date, Biehle was the record title owners of the Residence until February 4, 2019.

9. On August 28, 2017 Tropical Storm Harvey impacted Southeast Texas including the Residence. According the Allstate Flood Office, the Residence sustained substantial flood damage. Included herewith as *Exhibit 2*, is a Narrative Report concerning the 2017 damage to the Residence. The two HVAC units of the Residence were damaged. Eleven windows at the Residence were damaged. Attached hereto as *Exhibit 3* is a true and correct copy of photos of the HVAC units which were damaged. Attached hereto as *Exhibit 4* is the schedule prepared by Allstate Flood Office. Page 2 of *Exhibit 4* addresses the HVAC units. Page 5 of *Exhibit 4* references the damage to the Windows. Based on the Proof of Loss, Defendant Biehle received flood insurance proceeds from Allstate to replace the damaged HVAC units and the impacted windows, but failed to replace the HVAC units and the windows.

10. Mr. Dilks was not the owner of the Residence in August 2017 and, therefore, had no involvement at that time with the Residence or any flood insurance proceeds paid to Biehle by Allstate in 2017.

11. It was the previous owner (Biehle), not Dilks, who did not use the 2017 flood insurance proceeds to replace the eleven windows and two HVAC units at the Residence.

12. It was the duty of Allstate Flood Insurance Company to confirm the proceeds related to the 2017 flood insurance claim were used by Biehle for the designated repairs.

13. Allstate Flood Insurance Company had plenty of time to inspect the Biehle's Residence and make sure the 2017 flood insurance claim proceeds were used by Biehle for replacement of the two HVAC units and windows before any future flooding events might occur.

14. On September 12, 2019, Dilks purchased the Residence. At that time, Dilks purchased flood insurance offered by ASI and Progressive and paid the required premium for flood insurance coverage of his Residence, including the eleven windows and two HVAC units. Attached hereto as *Exhibit 5* is a true and correct copy of Dilks' Declaration Page and proof of the payment of the premium for flood insurance coverage.

15. Upon receiving the Dilks flood insurance premium on September 12, 2019, Progressive (the Flood Insurance Company) or its Producer/Agent should have inspected Mr. Dilks' Residence and advised Mr. Dilks at that time that the eleven windows and two HVAC units were excluded from his flood insurance coverage. No such action was taken by Progressive or American Strategic Insurance Corp. to inform Dilks of any exclusions from his flood insurance coverage for the windows and two HVAC units at the Residence.

16. Dilks purchased a flood insurance policy on September 12, 2019 when he purchased the Residence. The premium payment, closing documents and Declaration Page for the flood insurance policy issued by Goosehead Insurance, contain no exception or exclusion from

Dilks flood insurance coverage for Dilks' windows and two HVAC units.

17. On September 19, 2019, Dilks' Residence sustained flood damage as a direct result of Tropical Storm Imelda. Immediately after the Residence was flooded, Dilks notified their insurance company. An adjuster was on site within three days after the flood event of September 19, 2019.

18. On December 27, 2019, Dilks executed a Proof of Loss. Attached hereto as *Exhibit 6* is a copy of the Proof of Loss.

19. By letter dated January 2, 2020, Progressive informed Dilks for the first time that "some items that were paid for in your prior claim of 08/28/2017 and to date have not been repaired/replaced." Progressive lists the two air conditioner condensers, windows, air handler, and original wood siding. Progressive denied payment for this damage. Attached hereto as *Exhibit 7* is a true and correct copy of Progressive's January 2, 2020 letter.

20. Dilks asks for damages to replace the two HVAC units and eleven windows damaged on September 19, 2019.

## F. BREACH OF CONTRACT

21. Dilks performed all of their obligations under their flood insurance policy.

22. Progressive and American Strategic Insurance Corp. have not performed their contractual obligations. Specifically, Progressive and American Strategic Insurance Corp. have not paid for Dilks' property damage caused to their Residence on September 19, 2019 by the flood waters from Tropical Storm Imelda. Progressive's and American Strategic Insurance Corp.'s nonperformance is a breach of Dilks' flood insurance policy.

## G. CAUSE OF ACTION FOR MONEY HAD AND RECEIVED

23. As set forth above, following Hurricane Harvey, Biehle received funds to replace the HVAC units and windows at the Residence, but did not use the funds to replace the HVAC units and windows at the Residence. Biehle holds money that, in equity and good conscience, belongs to Dilks.

24. Dilks seeks damages from Biehle in the amount of at least $20,000.00 which is within the jurisdictional limits of this Court.

25. Exemplary damages. Dilks' injury resulted from Biehle's gross negligence, malice, or actual fraud, which entitles Dilks to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## H. FRAUD

26. In the alternative to other counts, Biehle committed fraud in receiving flood insurance proceeds in 2017 and not replacing the two HVAC units and windows of the Residence and, thereafter, selling the Residence and not disclosing this fact.

## I. DAMAGES

27. As a direct and proximate result of Defendants' conduct, Dilks suffered the following damages.

    a. The amounts due to Dilks under the terms of their flood insurance policy to replace the two air conditioner condensers, windows, and air handler which costs total at least $20,000.00.

    b. Reasonable expenses of at least $20,000.00 for Biehle's misapplication of the flood insurance proceeds.

## J. ATTORNEY FEES

28. As a result of Defendants' breach, Dilks retained an attorney and seek reimbursement for their reasonable attorney fees.

## K. PRAYER

29. For these reasons, Plaintiffs ask for judgment against Defendants, jointly and severally, for the following:

   a. At least $20,000.00 for damages resulting from Defendants' conduct;

   b. At least $15,000.00 for reasonable attorney fees;

   c. Prejudgment interest and postjudgment interest;

   d. Costs of court; and

   e. Such other relief to which they are entitled.

                              Respectfully submitted,

                              By: /s/ Bruce M. Partain
                              BRUCE M. PARTAIN
                              State Bar No. 15548400
                              *Attorney for Plaintiffs,*
                              *Robert D. Dilks, Jr. and Katye O'Dell*

WELLS, PEYTON, GREENBERG
& HUNT, LLP
P.O. Box 3708
Beaumont, Texas 77704
Telephone (409) 838-2644
Facsimile (409) 838-0416
Email: bpartain@wellspeyton.com